IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-05154-GPG

MARIA CASTRO MENDEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GOERGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity, and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Motion to Enforce this Court's Order and for Relief (D. 7). The Court DENIES the motion for the following reasons.

On October 14, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing under § 1226(a) at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest (D. 6). On October 19, 2026, Petitioner received a bond hearing in front of an immigration judge (IJ) (D. 8). The IJ denied bond on the basis that Petitioner presents a flight risk (D. 8-1 at 3). Petitioner argues that

the IJ failed to comply with this Court's Order because the ordered burden was not actually applied, and the IJ's finding of flight risk was not supported by affirmative evidence (D. 7).

Upon review of the IJ's written decision (D. 8-1), the Court does not find there is sufficient evidence that the bond hearing failed to comply with the Court's Order. The IJ identified the applicable burden of proof as on the government and discussed the reasons and evidence supporting the findings that Petitioner poses a flight risk. The IJ also wrote, "[c]onsidering the totality of the circumstances, including the [Petitioenr's] immigration history, the absence of any pending application for relief, and the limited evidentiary record, the Court finds that the Department has established by a preponderance of the evidence that the respondent presents a risk of flight," indicating that the IJ considered all evidence presented and found that the Government had met the applicable burden (*id.* at 3).

Petitioner's arguments, rather than speaking to the burden of proof the IJ applied, boil down to a disagreement with the IJ that DHS's evidence of Petitioner's likelihood of removal is sufficient to prove, by a preponderance of the evidence, that Petitioner is a flight risk. While the Court is empowered to prescribe the applicable burden of proof an IJ must apply at a bond hearing in the name of due process, *see Barreno v. Baltasar,* No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *2–3 (D. Colo. Nov. 14, 2025), and to ensure that its Orders are followed, it does not have the authority to proceed to apply that burden to the evidence or second-guess the IJ's application of the burden. The INA explicitly precludes judicial review of discretionary IJ decisions concerning revocation or denial of bond under 8 U.S.C § 1226(a): "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." 8 U.S.C. § 1226(e). Here, the Court ordered that Respondents provide Petitioner with a bond hearing at

which they bore the burden of proof, and Respondents appear to have done so. The Court is not at liberty to revisit the IJ's particular finding as to whether that burden was satisfied.

Accordingly, Petitioner's motion to enforce is DENIED.

DATED November 9, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge